**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 23, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANIEL SALINAS,

    Plaintiff - Appellant,

v.

NEW MEXICO STATE POLICE
DEPARTMENT; PAUL ROBLES;
AMY ORLANDO,

    Defendants - Appellees.

No. 14-2147
(D.C. No. 2:14-CV-00329-LH-GBW)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Daniel Salinas appeals the district court's order dismissing his complaint with

prejudice under Fed. R. Civ. P. 12(b)(6). We have jurisdiction under 28 U.S.C.

§ 1291. We affirm.

A criminal complaint was filed against Salinas in state district court charging

him with fraud against the City of Sunland Park in his capacity as mayor pro tem.

The caption of the complaint contained his date of birth, residence address, and social

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

security number.  In connection with the complaint, defendant Paul Robles (a police officer with the New Mexico State Police Department) executed an arrest warrant at Salinas's residence.  According to Salinas's complaint, "the news media was present . . . [and] videotap[ed] . . . [the] arrest[]."  Aplt. Am. App. at C-3.  A short time later, "local news media published the story of the arrest on their website, which included photos, video, and the affidavit for arrest warrant and criminal complaint." *Id*.  As to the defendant Amy Orlando (the Dona Ana County District Attorney), Salinas alleged that she "would frequently give instructions to . . . Robles regarding the investigation and prosecution against" him.  *Id*.  Alternatively, Salinas alleged that the defendant New Mexico State Police Department did not adequately train Robles on how to prevent such disclosures and failed to adopt official policies to prevent personal information such as a social security number from reaching the public.

Salinas further alleged that the disclosure of his social security number caused him to "suffer[] adverse and harmful effects, including, but not limited to, mental distress, emotional trauma, embarrassment, humiliation, and lost or jeopardized present or future financial opportunities," *id*. at C-4, and required him to "purchas[e] security for the monitoring and protection of avoiding credit fraud and identity theft," which resulted in "not less than $1,000" in damages, *id*. at C-5.  Salinas pled that he

was entitled to damages "under 42 U.S.C. § 1983 and [the] Privacy Act of 1974."

Aplt. Am. App. at C-5.[1]

Because the complaint referred only to provisions within section 3 of the Privacy Act, which applies only against the federal government, the district court concluded that Salinas had failed to state a claim for relief against any of the defendants. *Id.* at G-4. On appeal, Salinas does not dispute that section 3 applies only against the federal government. Instead, he argues that the court misconstrued his complaint. According to Salinas, his complaint actually pleaded a claim for relief under § 1983 for a violation of section 7 of the Privacy Act, which bars federal, *state*, or local agencies from denying "any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number" to the agency. Pub. L. 93-579, § 7(a)(1), 88 Stat. 1896, 1909, 5 U.S.C. § 552a (a) (note). In particular, he relies on *Schwier v. Cox*, 340 F.3d 1284, 1292 (11th Cir. 2003), which held that "the rights conferred by section 7 [of the Privacy Act] may be enforced under § 1983."

Even if the complaint did allege a section 7 violation enforceable under § 1983, we still would affirm the district court's order. Simply put, Salinas has alleged insufficient facts to support a plausible violation of section 7. Unlike the plaintiffs in *Schwier*, who were denied the right to vote when they refused to disclose their social security numbers to a state agency, Salinas has not alleged that he ever

---

[1] Specifically, Salinas's complaint alleged the violation of and entitlement to damages under 5 U.S.C. § 552a(c)(6), (e)(10), (g)(1)(D), and (g)(4)(A), which are contained in section 3 of the Privacy Act.

3

was required to provide his social security number, or that he was ever denied a right, benefit, or privilege for failing to do so.

Accordingly, the judgment of the district court is affirmed.

Entered for the Court


Gregory A. Phillips
Circuit Judge